Opinion by
Willson, J.
§ 770. Trespass; venue of suit for; statute construed; case stated. Appellant sued in the county court of Milam county to recover of August, Albert and Theodore Horstman damages for three horses killed by a barbed-wire fence alleged to have been unlawfully constructed. by them. August Horstman resided in Milam county. Albert and Theodore were residents of Payette county, and they pleaded their privilege to be sued in the county of' their residence. In his petition appellant claimed actual damages $125, and exemplary damages $500; alleging that the defendants were guilty of gross negligence in the construction of the fence. The case was tried by the judge, and he found as facts, 1. That August Horstman had nothing to do with the construction of the fence. 2. That plaintiff’s three horses were killed by the fence which had been constructed unlawfully by Albert and Theodore Horstman. 3. That plaintiff’s actual damage was $125. His conclusions of law were, 1. That August Horstman wa,s not a proper party to the suit. 2. That as Albert and Theodore Horstman were residents of another county, the court had no jurisdiction of them. 3. That plaintiff had no reasonable ground to claim exemplary damages, and the actual damages being only $125, the court had no jurisdiction of the subject-matter of the suit. Held: The conclusion that August Horst *675 man was improperly sued, and that the suit could not be maintained against the other defendants by reason of his being a party, is correct. But this does not necessarily settle the question as to the jurisdiction of the court over the other, defendants. Our statute provides that where the foundation of the suit is some crime, or offense, or trespass, for which a civil action in damages may lie, the suit may be brought in the county where such crime, or offense, or trespass, was committed, or in the county where the defendant has his domicile. [E. S. art. 1198, subd. 8.] If, then, the construction of the. wire fence was a trespass, it having been constructed in Milam' county, the courts of that county would have jurisdiction of suits to recover damages for injuries occasioned by such trespass, regardless of the residence of the trespasser. Was the construction of the fence a trespass within the meaning of the term as used in the statute cited? The language of the statute is, “a trespass for which a civil action in damages will lie.” In our opinion this includes not only a technical trespass, vi et armis, where the injury is the direct consequence of the wrongful act, but all wrongful acts from which even indirect injuries result. The difference between a technical trespass and a wrongful act from which an injury indirectly results, relates only to the form of the action. In the former case it is an action of trespass, in the latter trespass on the case. In our system this distinction does not obtain. Our conclusion is, that any wrongful, unlawful act, which results either directly or indirectly to the injury of another, either in his person or his property, and for which a civil action in damages will lie, is a trespass within the meaning of the statute, and such civil action may be maintained in the county where the same was committed.
§771. Barbed-wire fence; construction of, a trespass, when. It has been held by this court that it-is a wrongful and unlawful act to construct a fence of barbed-wire except in the manner prescribed by statute. [Ante, *676 §§ 361, 362, 363.] And it has also been so ruled by our supreme "court. [Williams v. Mudgett, 2 Tex. Law Eev. 337.] In this case the fence was not constructed in accordance with the statute, and the construction of it was a trespass upon the rights of others, and those committing it are liable for injuries resulting therefrom, and may be sued in the county of the trespass. We are of the opinion that the court erred in sustaining the plea of privilege of the defendants Albert and Theodore Horstman.
§ 772. Exemplary damages; claim for, reasonable, when. We are also of the opinion that the court erred in concluding that appellant had no reasonable ground for claiming exemplary damages, and that as his actual damage was only $125 the court was without jurisdiction of the subject-matter of the suit. If the claim for exemplary damages had been fraudulently made for the purpose of improperly conferring jurisdiction, this conclusion would be correct. [W. & W. Con. Eep. §§ 154, 1081, 1141.] But the judge does not find that such was the purpose of the claim, but only that there were no reasonable grounds for the claim. We think there were reasonable grounds for the claim. The petition alleges that the injury to the horses was caused by the gross negligence of the defendants in the construction of the fence. The evidence showed that the fence was an unusually dangerous one of the kind, being built of four barbed wires, the posts fifteen or sixteen feet apart, and no plank, rail or other thing attached to indicate its locality. It is well settled that where an injury is caused by negligence so gross as to show an entire want of care, or great indifference to the persons or property of others, exemplary damages may be recovered. [Ante, §§ 157, 288; W. & W. Con. Rep. §§ 415, 763; Field on Dam. 90.] Under the law, and the facts of this case, there were reasonable grounds for the claim for exemplary damages, and the plaintiff might well conclude that he had a legal cause of action for such damages.
*677 June 20, 1885.
§ 773. Jurisdiction of amount; judgment may be rendered for less than jurisdictional amount, when. Jurisdiction of the subject-matter of the suit, and of the parties, having rightfully attached, the court should have rendered judgment for appellant for the actual damages he was found to be entitled to, although the amount was less than the jurisdictional amount, and although it was found that he was not entitled to exemplary damages.
Reversed and remanded.